# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

THERESA ANN STARLING,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 11-CV-171-FHM

## OPINION AND ORDER

Plaintiff, Theresa Ann Starling, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's January 11, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John W. Belcher was held February 20, 2009. By decision dated July 29, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on January 14, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 40 years old on the alleged date of onset of disability and 42 on the date of the ALJ's denial decision. She has a high school education and formerly worked as carnival worker, cashier, stock clerk, customer service representative, and home health aide. She claims to have been unable to work since November 1, 2006 due to pain as a result of degenerative joint disease of the thoracic spine, right wrist pain due to fracture of the right ulnar styloid, affective mood disorder, and anxiety-related disorder.

## **The ALJ's Decision**

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to occasionally lift and/or carry ten pounds, frequently lift and/or carry five pounds, stand and/or walk two hours in an eight hour workday, sit six hours in an eight hour workday. She must be able to change positions at will every half hour. She is able to occasionally climb stairs, ladders, ropes and scaffolds, balance, bend, stoop, crouch, crawl, and kneel. Plaintiff is able to perform some moderately complex tasks and can have only superficial contact with co-workers, supervisors, or the general public. [R. 11-12].

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred: in finding that her impairments do not meet one of the listed impairments in the Listing of Impairments (Listings) in 20 C.F.R. Pt. 404, Subpt. P, App.1.; in finding that the "paragraph B" criteria of Listing Nos. 12.04, 12.06, and 12.09 were not satisfied by the evidence; in finding that the "paragraph C" criteria of Listing Nos. 12.04, 12.06, and 12.09 were not satisfied by the evidence; in the RFC determination; and in concluding that she has not been under a disability from November 1, 2006 through July 29, 2009.

### **Analysis**

Plaintiff's brief consists mainly of general statements of error which are not accompanied by discussion of the record in relation to the claimed error. It is Plaintiff's duty on appeal to support her arguments with references to the record and to tie relevant facts to her legal contentions. The court will not "sift through" the record to find support for the claimant's arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific

3

reference to the record to carry the burden of proving error). The only allegations which Plaintiff discussed are those regarding the ALJ's analysis of the "paragraph B and C" criteria of the Listing of Impairments Nos. 12.04, 12.06, and 12.09. Accordingly, those are the only allegations addressed by the court.

Where, as in this case, there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. §§ 404.1520a and 416.920a. The procedure, known as the Psychiatric Review Technique (PRT), requires the ALJ to consider the criteria of the applicable Listing of Impairments (Listing). 20 C.F.R. Pt. 404, Subpt. P, App.1. Further, in the decision the ALJ must discuss the evidence and explain what he relied upon to reach his conclusions. *Cruse v. U.S. Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995). In this case the ALJ's decision contains a statement that he considered the "paragraph B" criteria and contains his conclusions about those criteria, but does not contain any discussion of the evidence in reference to those criteria. [R. 11]. The ALJ's failure to link his conclusions to the evidence is error. *Carpenter v. Astrue*, 537 F3d 1264, 1268 (10th Cir. 2008). The court concludes that the ALJ's decision must be reversed because the decision does not contain any discussion of the evidence or explanation of what he relied upon to reach his conclusions about Plaintiff's mental impairments.

Plaintiff points out that the PRT form completed by the state agency reviewing expert, Cynthia Kampschaefer, PsyD., contains "paragraph B" ratings of a moderate degree of limitation in restrictions of daily living, difficulties of maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace, and one or two episodes of decompensation, which conflict with the ALJ's conclusions. [R. 267]. In addition, based

4

on her review of the record, Dr. Kampschaefer found that Plaintiff met the "paragraph C" criteria of the mental health listings in that she had:

> – repeated episodes of decompensation, each of extended duration;
> – a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would cause the individual to decompensate; and
> – current history of 1 or more years' inability to function outside a highly supportive living arrangement with an indication of continued need for such an arrangement.

[R. 268]. The ALJ did not discuss Dr. Kampschaefer's "paragraph C" conclusions.

The Commissioner argues that the evidence does not contain any support for Dr. Kampschaefer's opinions about the "paragraph C" criteria and that Dr. Kampschaefer's other notes and evaluations undermine her "paragraph C" conclusions. [Dkt. 15, pp. 4-5]. Indeed, Dr. Kampschaefer's functional capacity assessment that Plaintiff can do simple and some complex tasks, can relate on a superficial incidental basis, and that her adaptive functions are intact, [R. 273], conflicts with the "paragraph C" conclusions.

The court is not at liberty to ignore Dr. Kampschaefer's ratings and accept the Commissioner's rationale for doing so. "[The] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) see also, *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir.2004) (holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir.2004) (per curiam) (same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943). The ALJ did not

address, or even mention, Dr. Kampschaefer's report nor did he otherwise discuss, or even mention, the evidence in relation to his PRT analysis for either the "paragraph B" or the "paragraph C" criteria. The ALJ's decision must therefore be reversed and the case remanded for the ALJ to supply that analysis.

## **Conclusion**

The Commissioner's denial decision is REVERSED and the case is REMANDED for the sole reason that the ALJ failed to demonstrate he performed the analysis of the evidence in relation to Plaintiff's alleged mental impairments as required by 20 C.F.R. §§ 404.1520a and 416.920a.

SO ORDERED this 17th day of July, 2012.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE